COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:     Ernest C. Adimore-Nweke v. The State of Texas

Appellate case number:   01-20-00012-CR

Trial court case number: 2233595

Trial court:             County Criminal Court at Law No. 15 of Harris County

and

Appellate case name:     Ernest C. Adimore-Nweke v. The State of Texas

Appellate case number:   01-20-00014-CR

Trial court case number: 2233594

Trial court:             County Criminal Court at Law No. 15 of Harris County

Appellant, Ernest C. Adimore-Nweke, has filed notices of appeal from the trial court's judgments signed on December 11, 2019. On January 9, 2020, appellant filed an "Emergency Motion for Appeal Costs," requesting that this Court declare him indigent for purposes of "all costs of appeal." On January 16, 2020, the Court abated these appeals and remanded the cases to the trial court for it to determine whether appellant was indigent or whether he must pay for the cost of preparation of the appellate record. *See* TEX. R. CIV. P. 145. The trial court held a hearing, determined that appellant was not indigent "for the purpose of obtaining a free appellate record," and denied appellant's "Motion for Declaration of Indigence" and "Motion for Appellate Reporter Records." While this case was abated, on October 14, 2021, appellant filed a second "Emergency Motion for Reporter Records at No Cost."

We **reinstate** the appeals on this Court's active docket and **deny** appellant's January 9, 2020 "Emergency Motion for Appeal Costs" and appellant's October 14, 2021 "Emergency Motion for Reporter Records at No Cost." To the extent that appellant's October 14, 2021 motion, which is also titled "Motion to Vacate Appeal Bonds[] & Motion to Consolidate Appeal Cause No. 01-20-00012-CR & 01-20-00014-CR," requests relief in addition to "an order

declaring [him] indigent" and "order[ing] the trial court reporter to prepare, certify, and file[] [a] reporter['s] record" at no cost to appellant, that request for relief is also **denied**.[1]

A clerk's record has been filed in the appeals, but a reporter's record has not been filed. Because the trial court has determined that appellant is not indigent under Texas Rule of Civil Procedure 145 for purposes of the appeals, appellant is **ordered to file with this Court, no later than thirty days from the date of this order, proof from the court reporter that he has paid or made arrangements to pay for the preparation of the reporter's record, or the Court may consider and decide only those issues or points that do not require a reporter's record for a decision**. *See* TEX. R. APP. P. 34.6(b)(1), 35.3(b)(2), (b)(3), (c), 37.3(c).

It is so ORDERED.

Judge's signature: _____/s/ Julie Countiss_____
　　　　　　　　　　　　Acting individually

Date:　November 23, 2021

---

[1]　　We note that despite the Court's denial of appellant's request to consolidate, appellant is not precluded from filing a single brief applicable to both appellate cause numbers 01-20-00012-CR and 01-20-00014-CR that complies with the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 38.6(a) (appellant's brief due thirty days after appellate record complete).